Case 2:16-cv-00316 Document 14 Filed in TXSD on 10/14/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSICA M LUGO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-316 |
| | § | |
| DOS COMALES-DOWNTOWN LLC; dba | § | |
| DOS COMALES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTIONS TO DISMISS
## AND FOR MORE DEFINITE STATEMENT

Plaintiff Jessica Lugo (Lugo) filed this action pursuant to the Fair Labor Standards Act (FLSA) against her employers, Defendants Dos Comales-Downtown, LLC d/b/a Dos Comales, Hongguo Jin, and Xiaoli Zhu (jointly Employers), alleging: (1) failure to pay proper time-and-a-half overtime wages; (2) failure to pay the required minimum wage rate due to the improper use of a tip pool and improper calculations of the minimum wage rate; and (3) failure to keep proper payroll records. D.E. 1. Before the Court are Employers' motions to dismiss and for more definite statement (D.E. 9) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), along with the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). For the reasons set out below, the motions are DENIED.

The motions express three challenges to Lugo's pleadings. First, Employers object to Lugo's claim to be similarly situated to other potential plaintiffs. They argue that they are entitled to more factual specificity in the allegations regarding Lugo's own

duties and pay complaints to support the "similarly situated" pleading as it pertains to bus boys, kitchen staff, and "other employees." They further claim that the different types of employees are too diverse to be included in a single collective action with Lugo.

Lugo responds that Employers are seeking a premature determination of class certification, that "similarly situated" does not mean "identically situated," and that the pay practice that is common to all of Employers' non-exempt employees is the failure to pay correctly calculated time-and-a-half for hours worked over 40 in a single workweek. Employers are correct that the Court may evaluate the sufficiency of the class allegations at the pleading stage, prior to the class certification stage. *Huchingson v. Rao*, No. 5:14-CV-1118, 2015 WL 1655113, *3 (W.D. Tex. Apr. 14, 2015).

However, the test to be applied at the pleading stage is more liberal than that for conditional certification. "A court may only foreclose the plaintiffs' right to proceed collectively if the action relates to circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K, 2011 WL 609884, *3 (N.D. Tex. Feb. 14, 2011). *See also, Oliver v. Aegis Commc'ns Grp., Inc.*, No. CIV.A. 3:08-CV-828-K, 2008 WL 7483891, *3 (N.D. Tex. Oct. 30, 2008).

Defendants cite *Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, *5 (N.D. Tex. July 12, 2016) as demonstrating that broad allegations that the class includes servers, bus boys, and kitchen staff are insufficient at the pleading stage to proceed to class certification. The *Hawaiian Grill* court observed that, "at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that

there are similarly situated employees with certain common alleged attributes that could support a collective action." *Id*. The *Hawaiian Grill* claim was dismissed because the allegations did nothing to tie the diverse categories of employees into a single common practice that violated the FLSA.

The allegations here are more specific. Lugo has alleged that the servers, bus boys, and kitchen staff all participated in the tip pool, the distribution and accounting of which was infirm, affecting rights protected by the FLSA. These allegations are more detailed than those in *Hawaiian Grill*. Lugo has pled a plausible claim. Even if, as Employers intimate, the pleading of the collective class is too broad, that defect would not be grounds to dismiss the complaint in its entirety. Rather, the scope of the class may be narrowed in the course of the class certification procedures.

Second, Employers challenge the specificity of "illegal deductions from the wait staff's tips" and improper notice regarding the tip pool and how it impacted employee pay. Reading the pleading in its entirety, it is clear that Lugo complains that the tip pool permitted tip-sharing with managers who were ineligible to receive tips, thus diminishing the amount of money that she and other employees entitled to the tips received, all of which was improperly accounted for when calculating the hourly wage and overtime. Lugo also claims that she did not have notice of the way the tip pool affected the tip credit for minimum wage purposes.

Employers seek to apply a heightened pleading standard to these allegations. The Court sees no basis for applying a heightened pleading standard. The factual averments are there and may be tested against evidentiary facts and the law on the merits. Federal

Rule of Civil Procedure 9, which sets out when a heightened pleading standard is imposed, does not apply to these causes of action. Employers will have sufficient opportunity to test the bases of Lugo's claims in the course of discovery.

Third, Employers complain of unlimited generality in Lugo's paragraphs 8 and 68 through 72. This challenge requires a reading of these allegations in isolation, contrary to the standard of review. *Iqbal*, 556 U.S. at 698 (requiring review of the complaint as a whole); Fed. R. Civ. P. 8 (pleadings are to be construed to do substantial justice). The Court finds that the Complaint, read in its entirety, sets out sufficient facts to demonstrate a plausible claim and that the specificity is sufficient to give Employers notice of the claims made against them and an adequate opportunity to defend.

For these reasons, the Court DENIES both motions (D.E. 9).

ORDERED this 14th day of October, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE